UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     CRIMINAL ACTION

VERSUS

MICHAEL SEAL     NO. 23-00085-BAJ-RLB-2

### RULING AND ORDER

Before the Court is Defendant Michael Seal's **Motion To Dismiss Count One Of The Indictment (Doc. 33, the "Motion")**, which raises facial and as-applied constitutional challenges to 18 U.S.C. § 922(g)(1).[1] The United States opposes the Motion. (Doc. 34). For the following reasons, Defendant's Motion will be **DENIED**.

### I. PROCEDURAL HISTORY

On September 27, 2023, the Grand Jury for the Middle District of Louisiana handed down a two-count Indictment against Defendant Michael Seal and his co-defendant, Gearold Delone. (Doc. 1). Count Two charges Defendant Seal with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*Id.*).

The Indictment does not describe the details of Defendant's prior felony conviction. (*Id.*). However, the United States has provided evidence of one prior felony conviction. (Doc. 35 at 2). Defendant was convicted of felony possession of alprazolam and LSD on August 25, 2022, in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana. (*Id.*)

---

[1] Defendant Michael Seal joined in his Co-Defendant, Gearold Delone's, Motion to Dismiss Count One of the Indictment, which charged Delone with a violation of 18 U.S.C. § 922(g)(1).

On February 16, 2024, the Court stayed the case pending a ruling in *United States v. Rahimi*, 602 U.S. 680 (2024). (Doc. 55).

On October 10, 2024, Defendants filed a motion to lift the stay and set a briefing schedule regarding the impact of the Fifth Circuit's decision in *United States v. Diaz* on Defendants' Motion. (Doc. 72). The Court granted Defendants' motion and lifted the stay on October 29, 2024. (Doc. 74). The Government filed its Opposition to Defendant's Motion on November 22, 2024. (Doc. 79). Defendant filed a Response. (Doc. 81). The United States filed a Reply. (Doc. 92).

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

Here, Defendant pursues "as applied" and facial challenges to § 922(g)(1). (Doc. 18). "The distinction between as applied and facial challenges is sometimes hazy." *United States v. Perez*, 43 F.4th 437, 443 (5th Cir. 2022) (citation omitted). Generally, however, in an as-applied challenge, the Court assesses whether a law with some permissible uses "is nonetheless unconstitutional as applied to [the defendant's] activity." *Spence v. Washington*, 418 U.S. 405, 414 (1974) (reversing defendant's criminal conviction); *see Street v. New York*, 394 U.S. 576, 594 (1969) (same). By contrast, in a facial challenge, the Court's analysis is considerably broader in scope, assessing whether a law "could never be applied in a valid manner."

2

*Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984).

### III. DISCUSSION

Since the filing of Defendant's Motion, the Supreme Court of the United States and the Fifth Circuit have provided additional guidance on the constitutionality of 18 U.S.C. § 922(g)(1) as applied to a defendant who was on parole or supervised release at the time of their arrest. The Court outlines such developments below, then analyzes the impact of this case law on Defendant's Motion.

#### a. Second Amendment Jurisprudence

"A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. These twenty-seven words, largely unquestioned since their first utterance, *see* Danny Y. Li, ANTISUBORDINATING THE SECOND AMENDMENT, 132 Yale L.J. 1821, 1846 (2023), have caused considerable consternation among our Nation's courts in the past two decades. The results of this attention have been dramatic. The Second Amendment was reinterpreted to provide an individual right to firearms, *D.C. v. Heller*, 554 U.S. 570, 595 (2008), the Supreme Court declared that the Second Amendment is no longer a so-called "second-class right," *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 70 (2022), and existing constitutional tests for firearm regulations were upended in favor of extended dives into distant

3

history in search of metaphorical ancestors to present-day legislation. *See United States v. Rahimi*, 602 U.S. 680, 697–701 (2024).

Thus, the Court arrives at its current marching orders. When a challenge to firearm legislation is lodged, the Court is to: (1) ascertain whether the "Second Amendment's plain text covers [the] individual's conduct," and (2) if the Second Amendment does cover the relevant conduct, determine whether the United States has satisfied its burden of showing that "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. 1, 24 (2022). In this process, the Court must not conflate the requirement for a "historical analogue" with a necessity for a "historical twin," or an identical regulation from our Nation's early history. *Rahimi*, 602 U.S. at 701.

### b. Defendant's Challenges to § 922(g)(1)

The Court begins with Defendant's facial attack on § 922(g)(1). The Fifth Circuit's decision in *Diaz* forecloses such an attack. To sustain a facial challenge, "the challenger must establish that no set of circumstances exists under which the statute would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). The Fifth Circuit ruled that § 922(g)(1) was constitutional as applied to Diaz and thereby ruled that § 922(g)(1) is facially constitutional. *Diaz*, 116 F.4th at 472.

Regarding Defendant's as-applied challenge, Defendant argues that the Government fails to satisfy its burden of demonstrating that prohibiting Defendant's ability to use or possess a firearm is consistent with the Nation's history tradition.

4

*Bruen*, 597 U.S. at 24. (Doc. 81 at 1). He further argues that the Government can point to no analogous offense at the time of the founding that would justify his disarmament. (*Id*). The Government replies that, because Defendant was on probation at the time of the offense, his argument is foreclosed. (Doc. 92 at 1).

Putting aside the question as to the applicability of § 922(g) to a defendant convicted of a prior drug possession offense, weeks after Defendant filed his response, the Fifth Circuit published its decision in *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025). In *Contreras*, the Fifth Circuit found that Section 922(g)(1) was constitutionally applied to a felon who was serving a term of supervised release at the time of his arrest and whose underlying conviction was for being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Additionally, the Fifth Circuit held that "the government may disarm those who continue to serve sentences for felony convictions." *United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025).

There is no dispute in this case as to whether Defendant was on probation for a felony conviction at the time of his arrest. The Court therefore concludes that Defendant's arguments attacking § 922(g)(1) are foreclosed, and that the Court need not undergo a *Bruen* analysis here.

IV. **CONCLUSION**

Accordingly,

5

**IT IS ORDERED** that Defendant's **Motion (Doc. 33)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 4th day of September, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA